IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BERUMEN-ROMERO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-454-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Jonathan Berumen-Romero, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting that, during sentencing, he was denied his Sixth Amendment right to effective assistance of counsel because his "counsel did not seek a downward variance in his sentence due to the unusually harsh conditions of confinement based on [Movant's] status [as being] a deportable non-citizen." Dkt. No. 2.

Movant's Section 2255 action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The government has filed a response in opposition to the Section 2255 motion, *see* Dkt. No. 5, Movant has failed to file a reply brief, and the deadline by which to do so has expired.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion.

-1-

## Applicable Background

Movant pleaded guilty to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced to 20 months of imprisonment. *See United States v. Berumen-Romero*, No. 3:15-cr-111-M (N.D. Tex.). There was no direct appeal. His Section 2255 motion is timely. *See* 28 U.S.C. § 2255(f)(1).

## Legal Standards and Analysis

The Court reviews ineffective-assistance-of-counsel ("IATC") claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

Although Movant pleaded guilty, because his IATC assertions solely concern sentencing, the Court should consider the prejudice prong under *Strickland*, as opposed to *Hill v. Lockhart*, 474 U.S. 52 (1985). *See, e.g., Alcala-Mendoza v. United States*, Crim. No. 6:10-118-9 & Civ. No. 6:13-44, 2013 WL 6491074, at *4 (S.D. Tex. Dec. 9, 2013); *Price v. United States*, No. 7:00CV00422, 2002 WL 130954, at *5 (W.D. Va. Jan. 31, 2002).

To demonstrate prejudice here, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not

require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

In an immigration-related case where a defendant's "status as a deportable alien" is "an element of the crime for which he was sentenced," that status "is not an 'aggravating or mitigating circumstance of a kind or degree not adequately taken into consideration by the [United States Sentencing] Commission,' and therefore is not a permissible basis for downward departure." *United States v. Garay*, 235 F.3d 230, 234 (5th Cir. 2000) (quoting 18 U.S.C. § 3553(b)); *see, e.g., United States v. Nematuth*, 503 F. App'x 255, 257 (5th Cir. 2012) (per curiam); *United States v. Jasso*, 460 F. App'x 432, 433 (5th Cir. 2012) (per curiam) (applying *Garay* to defendants who, like Movant, were convicted for illegal reentry after deportation).

Movant's trial counsel therefore was not constitutionally ineffective for failing to move for a downward departure based on Movant's status as a deportable alien. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990))); *see, e.g., Martinez-Valdez v. United States*, Nos. EP-11-CV-68-PRM & EP-09-CR-2948-PRM, 2011 WL 3666606, at *4 (W.D. Tex. July 19, 2011) ("[T]he holding in *United States v. Garay* is applicable to

Martinez's immigration-related conviction.... Accordingly, Martinez's status as a deportable alien is not a permissible basis for departure from the sentencing guidelines. His attorney's failure to argue for such a departure did not fall 'below an objective standard of reasonableness.'" (quoting *Strickland*, 466 U.S. at 688)).

## Recommendation

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE